**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

DONALD WILSON                                                                                    PETITIONER

v.                                                                                          No. 3:05CV78-M-A

WARDEN PARKER, ET AL.                                                                      RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Donald Wilson for a writ of *habeas corpus* under 28 U.S.C. § 2254 – including Wilson's numerous amendments to the petition. The state has answered the petition – including all amendments. The petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner was convicted of one count of attempted aggravated assault with a deadly weapon in the Second Judicial District of the Circuit Court of Yalobusha County, Mississippi. Petitioner was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections with four years suspended. State Court Clerk's Papers (C.P.), p. 55. The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (reproduced below verbatim as stated by the petitioner):

A.    Whether the trial court erred in denying the Appellant's proposed jury instructions D-12 and D-13.

B.    Whether the trial court erred in denying the Appellant's Motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial.

On May 19, 2004, almost two months after petitioner's attorney filed the "Brief of Appellant," the petitioner filed a supplemental brief in which he raised nine issues. On June 16, 2004, the Mississippi Supreme Court declined to accept the supplemental brief. On June 30, 2004, the petitioner filed a "Motion To Submit And File [Supplemental] Brief" and "Appellant's [Supplemental] Brief" in which he raised the following issues (reproduced verbatim below as stated by the petitioner):

A. The trial court errered, not having jurisdiction to trial because of defective indictment, not having jurisdiction to sentence or pass conviction. Not stamped filed.

B. Trial Court errered, not having jurisdiction to trial because indictment shows no record of the defective indictment ever going before a grand jury, with at least twelve jurors concurring to make the indictment a true bill.

C. Trial Court errered, not having jurisdiction to trial because, indictment did not have the foreman of the jury affidavit to accompany the defective indictment. Which the United States Constitution says, it mus accompany the indictment as proof of it's presentment, into open court.

D. The trial court errered, not having jurisdiction to trial because, some one tampered with the indictment, forging signature of circuit clerk, making the signature invalid and feronious. Trial Court presents two different indictments, one being done four months later, after trial court was concluded.

E. The Trial Court errored, by giving Appellant an illegal sentence.

F. The Trial Court errered, by "NOT" proving beyond a reasonable doubt, all the elements of the offense in the defective indictment.

G. The Trial Court errored, in denying the Appellant's proposed jury instructions D-12 and D-13.

H. Whether the Trial Court erred in denying the Appellant's Motion For Judgement Notwithstanding the Verdict or in the Alternative For A New Trial.

I.        Appellant was denied his constitutional rights to have withnesses to testify in his behalf, and be cross-examined.

J.        Ineffective Counsel.

K.       Tampering with evidence by Water Valley Police Department.

L.       The Trial Court erred in allowing the Assistant District Attorney to "act" as an expert witness, when he made his presentation in front of the jury, that the .22 caliber hand-gun was inoperable. This court misconduct helped pursued the jury that the weapon was faulty, thus being the reason it did not fired.

M.      Assistant District Attorney, committed court misconduct by advising a possible wittness, not to provide crucial evidence, and having knowledge of the truth, withheld this information.

The Mississippi Supreme Court granted the motion to submit and file the supplemental brief December 2, 2004. That same day the Mississippi Supreme Court affirmed the petitioner's conviction and sentence. *Wilson v. State*, 904 So. 2d 987 (Miss. 2004)(Cause No. 2003-KA-02416-SCT).

On February 2, 2005, the petitioner filed a "Motion For Leave" in the supreme court; the motion was dismissed without prejudice on February 25, 2005, for failure to attach a motion for post-conviction relief. On March 4, 2005, the petitioner filed a second motion for leave in the supreme court; this motion was also dismissed because the petitioner failed to submit an accompanying motion for post-conviction relief. Finally, the petitioner filed a "Motion For Post-Conviction Collateral Relief" in the Mississippi Supreme Court, alleging the following (reproduced verbatim as stated by the petitioner):

**Assignment of Error I.**

A.       That the Trial Court was without jurisdiction to try, convict or impose sentence.

  B.  That the Trial Court's conviction and sentence violated the Petitioner's fifth (5th) Amendments of the United States Const; and Article 3, section 26 and 27 M.C.A. of 1890, also Article 257 Code, 614 and the 57th Article.

  C.  That the Trial Court errored not having jurisdiction because of the defective indictment, lack of execution of the foreman of the grand jury affidavit.

  D.  That the Trial Court errored not having jurisdiction because of the defective indictment, lack of execution of the Sworn Oath of the foreman of the grand jury, that fifteen (15) members of the grand jury deliberated, and twelve (12) of the number assented to give it the character of a true bill on indictment.

  E.  That the Trial Court errored not having jurisdiction because of the forged signature on one of the three (3) indictments offered by the Yalobusha County Circuit Court.

  F.  That the Trial Court errored not having jurisdiction because the indictment was defective, not "stamped," mark filed.

**Assignment of Errors 2. That the Trial Court errored, by giving the Petitioner an illegal sentence.**

  A.  That the sentence exceeds, sentence authorized by statue.

  B.  That the sentence exceeds maximum sentence by statue and is outside the prescribed limits of statue.

  C.  The Petitioner was "never" arrested and charged with the crime of "Attempted Aggravated Assault with a Deadly Weapon," therefore he could not be sentence under this charge, nor was the Petitioner arraigned.

**Assignment of Errors 3. That the Trial Court, did not prove beyond a reasonable doubt, all elements of the offense in the defective indictment.**

**Assignment of Errors 4. That the Trial Court erred in denying the Petitioner's proposed jury instruction D-12 and D-13.**

**Assignment of Errors 5. That the Trial Court errored in denying the Petitioner's Motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial.**

**Assignment of Errors 6. That the Trial Court erred in the charge "Attempted Aggravated Assault With A Deadly Weapon."**

    A. Petitioner was never arrested for this charge.

    B. Petitioner was never formally charged with this charge.

    C. There exist evidence of material fact, not previously presented that requires vacation of sentence in the interest of justice.

**Assignment of Errors 7. Ineffective Assistance of Counsel.**

    A. Trial Court Counsel did not interview potential witnesses.

    B. Trial Court Counsel did not investigate case.

    C. Trial Court Counsel, failure to object to specific issues in the interest of justice.

    D. Ineffective assistance of appeals counsel.

**Assignment of Errors 8. The Assistant District Attorney committed court misconduct.**

    A. Withholding evidence favorable to the Defendant.

**Assignment of Errors 9. Trial Court violated Petitioner's right to fast and speedy trial.**

On June 3, 2005, the Mississippi Supreme Court denied Wilson's post-conviction

motion, holding:

The panel finds that the claims presented were either capable of determination on direct appeal, or were in fact presented on direct appeal, such that they are all now procedurally barred from collateral review. Miss. Code Ann. § 99-31-21.

In the instant Petition for Writ of Habeas Corpus, the petitioner raises the following grounds (as stated by the petitioner):

**Ground One**: That the trial court was without jurisdiction to try, convict or impose sentence.

**Ground Two**: Trial court erred not having jurisdiction because of defective indictment did not comply to state and federal const.

**Ground Three**: Trial court errored did not have a sworn oath that the indictment was present to the Grand Jury.

**Ground Four**: Trial court errored not having jurisdiction because of forged-improper signatures on indictment.

**Ground Five**: Trial court errored not having jurisdiction because the defective indictment was not "stamped marked filed."

**Ground Six**: Trial court errored not having jurisdiction because the defective indictment did not show the caption of the minutes.

**Ground Seven** [A]: That the sentence exceeds maximum sentence by statue and is outside the prescribed limits of the statue.

**Ground Seven**[1] [B]: The petitioner was "never" arrested and charged with the crime of "attempted aggravated assault with a Deadly Weapon.

**Ground Eight**: The trial court erred, did not prove beyond a reasonable doubt, all elements of the offense in the defective indictment.

**Ground Nine**: That the trial court erred in denying the petitioner's proposed jury instruction D-12 and D-13.

**Ground Ten**: That the trial court erred in denying the petitioner's Motion for Judgement Notwithstanding the Verdict or in Alternative for a New Trial.

**Ground Eleven**: That the trial court erred in the charge "attempted aggravated assault with a Deadly Weapon."

---

[1]The court notes that the petitioner has inadvertently labeled two grounds as number seven. In the interest of clarity, the court will use the numbering scheme inserted above, "Seven A" and "Seven B".

**Ground Twelve**: Petitioner was "Never" formally arrested and charged with the crime of "Attempted Aggravated Assault.

**Ground Thirteen**: There exist evidence of material fact, not previously presented at trial court that requires vacation of sentence in the interest of justice.

**Ground Fourteen**: Ineffective assistance of counsel.

A.      Trial counsel failed to interview potential witnesses.
B.      Trial counsel failed to investigate case.
C.      Trial counsel did not object to defective indictment.
D.      Trial counsel did not object to petitioner's rights to fast and speedy trial being violated.
E.      Trial counsel did not object to the missing evidence from the Water Valley Police Department.
F.      Trial counsel did not move to dismiss.
G.      Trial counsel failed to object to the testimony of Officer Chris Pullen.

**Ground Fifteen**: Ineffective assistance of appeals counsel.

A.      Petitioner ask appeals attorney to submit several issues to the Court of Appeals, and appeals counsel refused therefore petitioner submitted a supplimental brief in his own behalf, with these same issues.[2]

**Ground Sixteen**: The Assistant District Attorney committed court misconduct.

**Ground Seventeen**: Trial court violated the petitioner's right to fast and speedy trial.

**Ground Eighteen**: Petitioner was denied his right to direct appeal.

**Ground Nineteen**: Petitioner was denied his right to post conviction collateral relief.

**Ground Twenty**: Fraudulant/fabricated General Docket Sheet.

**Ground Twenty-One**: Denied right to due process of the law.

---

[2]In addition to faulting appellate counsel for failing to raise certain issues, the petitioner also alleges in his brief that appellate counsel had a conflict of interest. The court shall address both of these concerns.

**Ground Twenty-Two**: That the trial court errored not having jurisdiction because the trial court had "NO" indictment.[3]

**Ground Twenty-Three**: Trial counsel was ineffective in that he failed to object when petitioner's misdemeanor charge of domestic violence was changed numerous times resulting in the final charge of attempted aggravated assault with a deadly weapon.[4]

**Ground Twenty-Four**: That the trial court errored, faulty document labled as an "indictment" was untimely filed . . . .[5]

**Ground Twenty-Five**: The trial court errored, did not prove beyond a reasonable doubt, all elements of the offense in the fraudulent document labled as an indictment.[6]

**Ground Twenty-Six**: Trial court lacked jurisdiction because the petitioner was never formally indicted by a grand jury.[7]

**Procedural Default:  Ground Thirteen, A Portion of Ground Fourteen, Ground Eighteen, Ground Twenty-One,  Ground Twenty-Three**

Donald Wilson has raised the following errors for the first time in the instant petition:

(Ground Thirteen) Material facts were not presented at trial; (a portion of Ground Fourteen)

Defense counsel failed to object to a violation of petitioner's right to a speedy trial; (Ground

Eighteen) The petitioner was denied his right to a direct appeal; and (Ground Twenty-One) The

---

[3]Ground Twenty-Two was submitted in petitioner's "Motion To Amend Original Petition" filed July 15, 2005.

[4]Ground Twenty-Three was submitted in the petitioner's "Motion To Amend Original Petition" filed October 6, 2005.

[5]Ground Twenty-Four was submitted in the petitioner's "Motion To Amend Original Petition" filed October 21, 2005

[6]Ground Twenty-Five was submitted in the petitioner's "Motion To Amend Original Petition" filed November 23, 2005.

[7]Ground Twenty-Six was submitted in the petitioner's "Motion To Amend Original Petition" filed December 8, 2005.

petitioner was denied due process; and (Ground Twenty-Three) defense counsel did not object when petitioner's misdemeanor charge of domestic violence was changed many times resulting in the final charge of attempted aggravated assault with a deadly weapon.

"If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). The petitioner did not raise the issues set forth above on direct appeal or in his petition for post-conviction relief, and the time for seeking either form of relief has long passed. As such, Mississippi appellate courts cannot review the issues on the merits. The petitioner has thus defaulted the claims in Ground Thirteen, a portion of Ground Fourteen, Ground Eighteen, Ground Twenty-One and Ground Twenty-Three. As such, this federal court cannot now review those claims.

The petitioner has not shown "cause" under the "cause and prejudice" test so that the court may reach the merits of the claims despite the procedural bar – because no external impediment existed to prevent him from raising and discussing these claims as grounds for relief in state court.[8] *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). As the petitioner has not shown cause, the court need not consider whether he suffered prejudice. *Martin v. Maxey*, 98

---

[8]In order to use attorney error to get past the procedural bar, a petitioner must first raise and exhaust, *in his state petition for post-conviction relief*, independent claims of ineffective assistance of appellate counsel for counsel's failure to raise the claims at issue at trial or on direct appeal. *Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92 (2000); *Murray v. Carrier,* 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986). Although the petitioner did raise claims of ineffective assistance of appellate counsel in his state petition for post-conviction relief, he did not raise the five claims asserted above. The petitioner thus cannot use attorney error move these claims beyond the procedural bar.

F.3d 844, 849 (5th Cir. 1996).  Finally, the petitioner will not endure a "fundamental miscarriage

of justice" if the court declines to review the merits of these claims because the petitioner has not

shown that "as a factual matter, [] he did not commit the crime of conviction."  *Fairman v.

Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.

1995)).  He has not presented new, reliable evidence that was not presented at trial proving that

"more likely than not [] no reasonable juror would have convicted him in light of the new

evidence."  *Fairman,* 188 F.3d at 644 (citations omitted).  The petitioner provides no reliable

evidence to support his claim of innocence.  As such, the petitioner's claims in Grounds Thirteen,

a portion of Fourteen, Eighteen, Twenty-One and Twenty-Three shall be dismissed with

prejudice as procedurally defaulted.

### Procedural Bar:  Grounds One, Two, Three, Five, Six, Seven, Eleven, Twelve, a portion of Sixteen, Seventeen, Twenty, Twenty-Two, Twenty-four, and Twenty-Six

The petitioner raised the claims in Grounds One, Two, Three, Five, Six, Seven, Eleven,

Twelve, a portion of Sixteen, Seventeen, Twenty, Twenty-Two, Twenty-four, and Twenty-Six

either on direct appeal or while seeking state post-conviction relief.  "When a state court declines

to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural

requirement, federal *habeas corpus* review is generally barred if the state procedural rule is

independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th

Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d

640 (1991).  Section 99-39-21(1) is an independent state procedural bar.  *Stokes v. Anderson*, 123

F.3d 858, 860 (5th Cir. 1997).  Indeed, the Fifth Circuit has held that Mississippi courts generally

apply Mississippi's post-conviction statutes consistently.  *Moore v. Roberts,* 83 F.3d 699, 703

(5th Cir. 1996). Mississippi state courts also regularly and consistently apply the contemporaneous objection rule. *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992).

The adequacy of the procedural bar in state court depends on "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. The petitioner has not proven "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id*. at 861.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause for the default and actual prejudice resulting from it. *Coleman*, 501 U.S. at 750. Cause for default "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original).

The petitioner attempts to establish cause with various conclusory allegations: corruption, criminal acts by the Yalobusha County Circuit Clerk's Office, and ineffective assistance of counsel. The petitioner provides no substantiation for these allegations. None of them have merit, and none constitutes cause. As such, the court need not consider whether there was actual prejudice. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992). For the reasons discussed above, the "fundamental miscarriage of justice" exception does not apply to these claims, as the petitioner has not proven that he " did not commit the crime of conviction." *Fairman*, 188 F.3d

at 644.  Donald Wilson does not prove that a miscarriage of justice would result if his claims are not considered on the merits.  The "new evidence" he has provided consists of documents from the Yalobusha County Circuit Clerk's Office.  He claims that these documents were unavailable at trial and have been deliberately kept from him as part of a cover-up by the state.  He alleges that the state wishes to prevent him from proving that he was never indicted by the Grand Jury – and that the indictment in the record is defective.  This evidence does not constitute "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that might persuade a jury to reach a verdict different from the verdict entered against Wilson at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  As such, the court must dismiss with prejudice Grounds One, Two, Three, Five, Six, Seven "B", Eleven, Twelve, a portion of Sixteen, Seventeen, Twenty-Two, Twenty-Four and Twenty-Six because the petitioner defaulted these claims in Mississippi state court.

### Errors of State Law:  Grounds Four, Seven A, and Nineteen

Grounds Four, Ground Seven A, and Ground Nineteen are issues of state law thus are not subject to federal *habeas corpus* review.  A state's interpretation of its own laws or rules forms no basis for federal *habeas corpus* relief because no constitutional question is involved.  *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981).  A "mere error of state law" is not a denial of due process.  *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

The petitioner argues in Ground Four that his indictment was defective.  The petitioner presented five copies of his indictment and claims that the signatures are different on each – thus causing him to believe that the signatures were forged.  The Mississippi Supreme Court

addressed this claim on direct appeal and found nothing in the record to support the petitioner's claim of forgery. *Wilson*, 904 So. 2d at 996. In the instant petition, in support of his forgery claim, Wilson attaches five copies of his indictment and argues that it is facially obvious that the signatures are not the same. Exhibit A, B, and C to the petitioner's "Motion To Submit And File Brief."

More importantly, the sufficiency of a state indictment is not a matter for federal *habeas corpus* review unless the indictment was so defective that the convicting court had no jurisdiction to hear the case. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980)). If the state court has held that an indictment is sufficient under state law, "a federal court need not address that issue." *McKay,* 12 F.3d at 68 (citations omitted). The Mississippi Supreme Court considered the petitioner's claims challenging the validity of the indictment on direct appeal and found the claims to be procedurally barred and without merit. *Wilson*, 904 So. 2d at 995-996. The indictment is an accurate statement of the charges against the petitioner. As such, this claim shall be dismissed with prejudice.

The petitioner argues in Ground Seven A that his sentence exceeds the maximum allowed by statute. A trial court's determination of the sentence is a matter governed by state statute and, as such, does not lend itself to *habeas corpus* review, absent a claim that the sentence is disproportionate. Wilson makes no such claim. The gravamen of the petitioner's argument is that, due to the petitioner's domestic relationship with the victim, the prosecution was required to charge him either with simple domestic violence or, at most, aggravated domestic violence pursuant to sections 97-3-7(3) or (4). The petitioner argues that had he been charged under the

proper statute, his crime of conviction would constitute a misdemeanor punishable by no more than six months in the county jail.

The petitioner suffers from a gross misunderstanding of state law. The prosecutor, acting within his broad discretion, determined that the proof supported a charge of attempted aggravated assault with a deadly weapon under MISS. CODE ANN. § 97-3-7(2)(b) – no matter what relationship the petitioner had with the victim. The prosecutor then obtained an indictment charging attempted aggravated assault with a deadly weapon – and obtained a conviction for attempted aggravated assault with a deadly weapon – all under Mississippi Code Section 97-3-7(2)(b). The penalty for that offense is imprisonment in the county jail for not more than one year or in the penitentiary for not more than twenty years. MISS. CODE ANN. § 97-3-7(2)(b) (Supp. 2005). Petitioner was sentenced to ten years – with four years suspended – which does not exceed the maximum penalty allowed by statute. C.P., p. 55. The petitioner's claim is a matter of state law not subject to federal *habeas corpus* review – and holds no substantive merit. As such, it shall be dismissed with prejudice.

In Ground Nineteen, the petitioner argues that the Mississippi Supreme Court violated his constitutional rights when the court denied his motion for leave to seek post-conviction collateral relief. State post-conviction proceedings are governed by the Mississippi Uniform Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-39-1 *et seq*. Under state law, the supreme court may hold that issues raised in a post-conviction petition are procedurally barred if the claims were either capable of determination on direct appeal or actually heard on direct appeal. MISS. CODE ANN. §§ 99-39-21(1) and (3). Section 99-39-21(1) reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law

which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."  Section 99-39-21(3) reads: "The doctrine of *res judicata* shall apply to all issues, both factual and legal, decided at trial and on direct appeal."  In this case the supreme court determined that the petitioner's claims were procedurally barred under MISS. CODE ANN. § 99-39-21, and the application was denied for that reason.

"[M]ere errors of state law are not the concern of this Court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution."  Alleged violation of state rules, without more, is not a cognizable ground for habeas corpus relief.  *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted).  *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1993).  The present petition raises no constitutional claims.  These issues are matters of state law and thus inappropriate for federal *habeas corpus* review.  Therefore, the petitioner's claims in Ground Four, Seven A, and Ground Nineteen shall be dismissed with prejudice.

### Grounds Eight, Nine, Ten, a portion of Fourteen, a portion of Sixteen, and Twenty-Five: Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds Eight, Nine, Ten, a portion of Fourteen, a portion of Sixteen, and Twenty-Five on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two

-15-

exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As

-16-

discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds Eight, Nine, Ten, a portion of Fourteen, a portion of Sixteen, and Twenty-Five of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds Eight, Ten, and Twenty-Five:
### Weight and Sufficiency of the Evidence

Grounds Eight, Ten, and Twenty-Five, challenge the weight and sufficiency of the evidence. Insufficiency of the evidence can support a claim for federal *habeas corpus* relief only if the evidence, when viewed in the light most favorable to the state is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The trier of fact may find the evidence sufficient to support a conviction, even if "the facts also

support one or more reasonable hypotheses consistent with the defendant's claim of innocence."

*Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

On direct appeal, the Mississippi Supreme Court held the evidence sufficient to support

the verdict:

> Here, the trial court's denial of the motion for a J.N.O.V. was proper. Given the evidence presented at trial, it cannot be said that reasonable and fair-minded jurors could only find Wilson not guilty of the elements of the offense charged. The record demonstrates that substantial evidence of Wilson's guilt was presented at trial. Tyler testified extensively about the events of the crime, and her testimony was corroborated by the testimony of Ellen Campbell, Police Officer Chris Pullen, and Valerie Gooch. Photographs of Tyler's injuries were admitted. Wilson's counsel cross-examined each of these witnesses, and Wilson was given the opportunity to present evidence on his own behalf.
>
> In light of this record, Wilson has not shown that reasonable and fair-minded jurors could only find him not guilty of the crime of attempted aggravated assault. The trial court properly denied Wilson's motion, and he is entitled to no relief on this issue.

*Wilson*, 904 So. 2d at 995. This court must give great deference to a state appellate court's

holding on the sufficiency of the evidence. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.),

*cert. denied* 474 U.S. 855 (1985); *Collins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state

appellate court has conducted a thorough review of the evidence . . . . it's determination is

entitled to great deference."). The petitioner has presented no argument or proof to overcome the

deference this court must give to the state appellate court. As such, he has not shown that the

state court decision was an unreasonable application of law to the facts. *Williams v. Taylor,*

*supra.*

The state presented substantial evidence of the petitioner's guilt. In addition to the

victim's testimony, the neighbor, Ellen Campbell, testified that she saw a portion of the

altercation when Donald Wilson pointed a pistol at his girlfriend and tried to fire. S.C.R. at 90-138, 222-244. In addition, the police found a gun matching the description of the gun used by Wilson in his truck shortly after he had left the scene of the crime in another vehicle. S.C.R. at 175-202. The petitioner admits that he had the gun and struck the victim during an altercation. S.C.R. at 251-290. The main difference in the two versions of the event is that the petitioner claims he never threatened his girlfriend Tyler with the gun, that the victim was the aggressive party, and petitioner was simply defending himself and his children. *Id.* Based upon the evidence admitted at trial, a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As such, the petitioner's claims in Grounds Eight, Ten, and Twenty-Five of the instant petition must be dismissed with prejudice.

The petitioner also challenges the weight of the evidence; however, such a claim is not an issue for federal *habeas corpus* review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant *habeas corpus* relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."). Therefore, the petitioner is not entitled to relief based on his challenge to the weight of the evidence in Grounds Eight, Ten and Twenty-Five.

## Ground Nine: Denial of Jury Instructions D-12 and D-13

In Ground Nine, Wilson argues that the trial court erred in denying jury instructions D-12 and D-13. Jury instruction D-12 reads:

> If you find from the evidence in this case beyond a reasonable doubt that the Defendant, Donald Wilson, on or about March 21, 2002, in Yalobusha County, Mississippi, Second Judicial District, is guilty of Attempted Aggravated Assault, then it [*sic*] your duty to further determine whether the Defendant and the Victim have a biological child together, and if you find that the Defendant and the

Victim, Sandy Tyler, have a child together then it is your duty to find the Defendant not guilty of Attempted Aggravated Assault, but only of Aggravated Domestic Assault, misdemeanor.

Jury Instruction D-13 reads:

If you find from the evidence in this case beyond a reasonable doubt that the Defendant, Donald Wilson, on or about March 21, 2002, in Yalobusha County, Mississippi, Second Judicial District, is guilty of Attempted Aggravated Assault, then it [*sic*] your duty to further determine whether the Defendant and the Victim have a biological child together, and if you find that the Defendant and the Victim, Sandy Tyler, have a child together, then it is your duty to find the Defendant not guilty of Attempted Aggravated Assault, but only guilty of Aggravated Domestic Assault, misdemeanor.

Furthermore, if you find beyond a reasonable doubt that the Defendant is guilty of the crime of Aggravated Domestic Assault, then it is your duty to determine whether the Defendant has committed the same crime before in last five years. If, after having considered all the evidence, you determine that the Defendant has been convicted on two prior occasions within the last five years of aggravated domestic violence, then it is your duty to find the Defendant guilty of Felony Aggravated Domestic Assault, third offense.

*See* C.P., pp. 32-33.

The petitioner argues that instructions D-12 and D-13 were necessary because no other instructions apprised the jury o petitioner's theory of the case. The petitioner's theory was that because he and Tyler have children together, he was entitled to jury instructions on the crime of aggravated domestic assault under MISS. CODE ANN. § 97-3-7(4), a crime he believes to be a misdemeanor. The petitioner argues that evidence existed warranting use of the instructions, namely, that he had fathered children with the victim, and, when he was arrested, he was charged with a domestic violence crime. The petitioner argues that he was entitled to the instructions because they would have instructed the jury on the "lesser included" offense of aggravated domestic assault, a crime that cannot be classified as a felony unless it is a third offense. In its

-20-

appellate opinion, the supreme court discussed in detail why the trial court's denial of the instructions was proper. *Wilson*, 904 So. 2d at 991-993. First, the petitioner was not charged under § 97-3-7(4). Second, the prosecutor had the discretion to determine what charges to submit to the Grand Jury – and chose not to charge the petitioner under section 97-3-7(4). Third, the prosecutor, then the trial judge, have the discretion to reduce the petitioner's charge. Fourth, instructions D-12 and D-13 did not accurately state the law. Fifth, and finally, even if the jury had been instructed on the crime of aggravated domestic violence – and had convicted petitioner of such crime – the petitioner's sentence would have been no different. *Wilson*, 904 So. 2d at 991-993.

Challenges to jury instructions may not form a basis for federal *habeas corpus* relief unless the petitioner establishes that an improper instruction rose to the level of a constitutional violation. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19, 124 L.Ed.2d 306, 318-322 (1993). The burden of demonstrating that such an erroneous instruction warrants *habeas corpus* relief is greater even than the showing required to establish plain error on direct appeal. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863 (5th Cir. 1999) citing *Henderson, supra*.

This rule can also be applied conversely when a trial court *refuses* to give an instruction. As applied conversely, "[t]he relevant inquiry is whether the failure to give an instruction 'by itself so infected the entire trial that the resulting conviction violates due process.'" *Galvin v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002)(*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

The court finds that the petitioner in this case has not proven that the trial court's failure to give the requested instructions "so infected the entire trial" that petitioner's due process rights were violated. As such, the appellate court's resolution of the issue in Ground Nine was reasonable in fact and in law; therefore, the petitioner's claims in Ground Nine shall be dismissed with prejudice.

## Ground Fourteen: Ineffective Assistance of Counsel

In Ground Fourteen, the petitioner sets forth six claims of ineffective assistance of trial counsel.[9] The Mississippi Supreme Court reviewed the claims on direct appeal and found that the claims did not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either element of the *Strickland* test warrants rejection the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must consider counsel's actions in light of the circumstances existing at the time of legal service – and must avoid the crystal clarity of review in hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The court must

---

[9]As previously discussed, one of the claims in Ground Fourteen (failure of counsel to object to a violation of petitioner's right to a speedy trial) was never presented to the state's highest court in a procedurally proper manner and is therefore precluded from *habeas corpus* review.

presume that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at

689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would

have been different or that counsel's performance rendered the result of the proceeding

fundamentally unfair or unreliable. *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). To

meet the prejudice prong, petitioner must affirmatively prove prejudice. *Bonvillain v. Blackburn*,

780 F.2d 1248, 1253 (5th Cir. 1986), *cert. denied*, 476 U.S. 1143 (1986). There is no

constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346,

1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982). Counsel's performance is considered

deficient if "it falls below an objective standard of reasonableness" as measured by professional

norms. *Strickland*, 466 U.S. at 688.

In his first claim of ineffective assistance of counsel, the petitioner argues that defense

counsel failed to interview potential character witnesses and failed to interview witnesses who

were in contact with petitioner on the day of the crime. In his brief accompanying the instant

petition, the petitioner provides a lengthy list of witnesses and the information that he believes

each would have provided had they been called to testify. "Motion To Submit And File Brief,"

pp. 52-59.

"'Complaints of uncalled witnesses are not favored in federal *habeas corpus* review

because allegations of what a witness would have testified are largely speculative. Where the

only evidence of a missing witnesses' testimony is from the defendant, this Court views claims

of ineffective assistance with great caution.'" *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir.

2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted). To

prevail on this claim, the petitioner must show that but for his attorney's failure to call these witnesses, the jury would have had a reasonable doubt about his guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). The problem with this claim is that the evidence of Donald Wilson's guilt was overwhelming. As such, it is improbable that testimony from any of the uncalled witnesses could have changed the verdict. Indeed, the petitioner concedes that none of the uncalled witnesses were present during the crime. Therefore, none could have testified regarding the altercation with Tyler. As such, the petitioner has proved neither deficiency nor prejudice, and this claim of ineffective assistance of counsel must be dismissed with prejudice.

Donald Wilson next argues that he was deprived of his right to effective assistance of counsel because counsel failed to investigate the facts of the case and prepare an adequate defense. He argues that defense counsel never heard the petitioner's side of the story and therefore could not have been prepared to represent him. The petitioner also argues that (1) defense counsel should have subpoenaed the phone records of Mary P. Austin to show that the victim committed perjury on the witness stand when she indicated that she did not call the petitioner's mother; (2) defense counsel could have shown that the petitioner had to have a locksmith make a key for the Ford Explorer after the altercation – thus proving that the petitioner could not have re-entered the vehicle to leave the gun that police subsequently found there; (3) defense counsel could have contacted the man who sold the petitioner the gun and had him testify that the gun was working perfectly at the time it was sold; and (4) defense counsel could have had a lab examine the gun to show that it was in perfect working condition proving that had petitioner wanted to shoot the victim, he could have done so.

Had defense counsel taken the actions the petitioner suggests, the petitioner would have been convicted nonetheless because the proposed evidence does not negate the evidence introduced at trial. The eyewitness testimony of the victim and her neighbors establishes that Donald Wilson committed the crimes of his conviction – including his attempt to shoot her. The petitioner himself admitted taking a gun to the victim's house and getting into an altercation with her. The gun was found at the scene in the petitioner's truck immediately after he fled.

The court will assume for the purpose of discussion that the petitioner's proffered proof would show: (1) that the victim called the petitioner's mother, (2) that a locksmith was later required to enter the petitioner's vehicle, (3) that the petitioner's gun was working at the time he purchased it, and (4) that the gun was functioning after the incident. Such proof is not inconsistent with the eyewitness testimony and the petitioner's admissions. The victim's inability to remember a phone call made to the petitioner's mother has nothing to do with the elements of the crimes. Likewise, the fact that entering the petitioner's truck later required a locksmith – and that the petitioner's gun appeared to be working before and after the incident – are of no moment. The eyewitness testimony and the petitioner's admissions are simply too strong to overcome, particularly with such indirect evidence.

In addition, as discussed above, an attorney's decision not to call certain witnesses generally cannot be used to substantiate a claim of ineffective assistance of counsel. A defense attorney must investigate the case he defends:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a

> reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91. "This duty to investigate and prepare is, however, far from limitless, and not every breach thereof will mean that counsel has failed to render reasonably effective assistance. '[C]ounsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers.'" *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981)(citation omitted); *Odom v. United States*, 377 F.2d 853, 858 (5th Cir. 1967). Trial counsel's decisions regarding what avenues to investigate and what evidence to present at trial were a matter of trial strategy. Counsel was prepared, conducted a thorough examination of the state's witnesses, and attacked the weak points of the state's case. The case against the petitioner was, however, too strong to overcome. As such, the petitioner's claims that counsel failed to investigate and take the actions discussed above shall be dismissed with prejudice.

The petitioner claims that defense counsel was ineffective because he did not object to the indictment. The petitioner alleges that the indictment was defective because it was not stamped "Filed," there was no affidavit from the foreman of the grand jury indicating that the charge was ever presented to the grand jury, and the signatures on the indictment were forged. Defense counsel sought to quash the indictment on the basis that the state did not have enough evidence to prove the felony charged. S.C.R. at 11-17. The trial court denied the motion. *Id.* An attack on the sufficiency of the indictment would have been meritless, as the indictment tracked the language of the statute. The petitioner has presented no proof that the charge in the indictment was not presented to the grand jury – or that the signatures on the indictment were forged.

Finally, the appellate court found that the indictment was properly filed, dated and signed by the circuit clerk. *Wilson*, 904 So. 2d at 996. This holding by the state court was reasonable. Although there is no "file stamp" *per se* on the indictment, by the date on its face it was filed on June 26, 2002. C.P., p. 5. These claims are all without substantive merit. In addition, Donald Wilson demonstrates neither deficiency nor prejudice in this ineffective assistance of counsel claim, which shall be dismissed with prejudice.

The petitioner next claims that defense counsel should have objected and moved for dismissal alleging that the Water Valley Police Department had tampered with the evidence. He made this allegation because the gun box found at the crime scene could not be produced at trial. Again, the appellate court addressed this claim of evidence tampering on direct appeal and found nothing in the record to substantiate it. *Wilson*, 904 So. 2d at 998. Defense counsel vigorously cross-examined the police officers at trial – highlighting the fact that the police department had allegedly found the gun box at the crime scene but could not produce it at trial. S.C.R. at 160, 183-202, 290. The cross-examination regarding the missing gun box established a jury issue about the quality of the police investigation. The issue was not, however, substantial enough to justify an objection or motion for dismissal based on evidence tampering. Defense counsel acted reasonably in deciding not to object on this issue. As such, his performance was not deficient, and the petitioner thus suffered no prejudice. This claim must therefore be dismissed with prejudice.

In his final claim of ineffective assistance of counsel, Donald Wilson argues that defense counsel was deficient in deciding not to object when Officer Chris Pullen admitted on the stand that he had given defense counsel incorrect information in an interview. The exchange between

defense counsel and Officer Pullen follows:

Q. You and I talked a few days ago, didn't we?

A. Yes, sir, we did.

Q. You arrested him or picked him up in Bolivar County, Mississippi, didn't you?

A. It was Bolivar County Jail. I really didn't know where I was at.

Q. Of course, the other day you told me that you didn't, right?

A. I wasn't under oath.

Q. Was that - -

A. I had a lot of things on my mind. I didn't look at my report. Honestly, since I'm under oath now, I told you that the case was turned over to Detective Thomas. I was thinking about another case, not this one. I was booking one in, Sergeant was in route to a call and I had to back him up; and after I reviewed the case report, which was later that night, I found that some of the stuff I told you wasn't true.

*See* S.C.R. at 154-155.

The petitioner clearly misapprehends his attorney's strategy. Counsel used this exchange to attack Pullen's credibility. He would not object to testimony that weakens the state's case – and obviously cannot object to testimony he himself elicited. Defense counsel was not deficient in deciding not to object to Pullen's testimony. Indeed, there appears to be no basis to object to such testimony. As such, there was no prejudice to the petitioner, and these claims must be dismissed with prejudice.

For the reasons set forth above, the court finds that defense counsel was an effective advocate for the petitioner. As such, the state supreme court's finding that defense counsel was effective was neither contrary to nor an unreasonable application of clearly established federal

law.  As such, the claims in Ground Fourteen shall be dismissed with prejudice.

## A Portion of Ground Sixteen:   Prosecutorial Misconduct

In a portion of Ground Sixteen, the petitioner alleges prosecutorial misconduct: that the prosecutor contacted the salvage yard (where petitioner's vehicle had been towed) and told the owner not to give out any information regarding the vehicle.  The petitioner's other claims of prosecutorial misconduct in Ground Sixteen are procedurally barred, as discussed above.  The petitioner argues that this action constituted the withholding of information that was favorable to the defense's theory of the case– that the petitioner had to have a locksmith make a key before he could gain entry to his vehicle after it was towed.  The petitioner's theory is that he lost his truck keys during the scuffle with the victim and therefore could not have put the gun in the truck before leaving the scene of the crime.

The Mississippi Supreme Court addressed this issue on direct appeal:

Finally, Wilson argues that the assistant district attorney committed prosecutorial misconduct by contacting Mr. Crawford, the owner of the yard to which Wilson's vehicle was towed on the night of the crime, and telling him not to give out any information about Wilson's vehicle.  Wilson claims that he lost the key to his vehicle on the night of the incident in question and that Mr. Crawford knew this. Wilson submits that somehow this information is exculpatory, and that the assistant district attorney wanted to keep it a secret.  Wilson claims that this amounted to malicious prosecution and a violation of his right to due process under the Fourteenth Amendment.  There is nothing in the record to support this argument, and Wilson is entitled to no relief on this issue.

*Wilson*, 904 So. 2d at 998.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Brady v. Maryland*, 373 U.S. 83 (1963).

*Brady*, 373 U.S. at 87. To establish such a claim "a habeas petitioner must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the petitioner, and (3) the evidence was material." *Spence v. Johnson*, 80 F.3d 989, 994-995 (5th Cir. 1996) (citation omitted). This claim is without merit because the evidence was not suppressed. The petitioner himself presented testimony that he had to have a locksmith make a key to his truck, and the testimony was uncontradicted. In addition, the petitioner could have subpoenaed the locksmith and the owner of the salvage yard himself. Finally, the information regarding the locksmith was not exculpatory as it had no tendency to show that the petitioner did not commit the crime charged. The Mississippi Supreme Court's determination of this claim of prosecutorial misconduct was neither contrary to nor an unreasonable application of clearly established federal law. As such, federal *habeas corpus* review of the claim in a portion of Ground Sixteen shall be denied.

## Appellate Counsel Was Ineffective Because He Had a Conflict of Interest and Failed to Raise Numerous Issues on Appeal

The petitioner raises two claims of ineffective assistance of appellate counsel in Ground Fifteen. First, he argues that appellate counsel had a conflict of interest because he is the son of Sheriff Lloyd Defer who was subpoenaed to testify against petitioner at trial. Secondly, he argues that appellate counsel was ineffective in failing to raise and argue the fifteen issues that petitioner raised in his supplemental brief. The petitioner himself, however, raised the fifteen claims in Ground Fifteen of his state petition for post-conviction relief. The Mississippi Supreme Court barred all of petitioner's claims on the basis that the claims were either raised on direct appeal or could have been raised then. The claims in Ground Fifteen could not, however,

have been considered on direct appeal because those claims attack the effectiveness of appellate counsel. It therefore appears that the Mississippi Supreme Court did not consider the merits of the claims in Ground Fifteen prior to denying petitioner's post-conviction petition. The court shall thus review these issues *de novo*. *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying *de novo* standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits).

The *Strickland* test is appropriate for review of trial counsel and appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). Appellate counsel need not raise every "colorable" claim on appeal – and has broad discretion in determining which issues are more likely to be successful. *Jones v. Barnes*, 463 U.S. 745, 751-754 (1985). Appellate counsel raised two issues on appeal, and the petitioner presented the additional fifteen issues to the Mississippi Supreme Court in his *pro se* supplemental brief. As such, the petitioner suffered no prejudice, and he does not satisfy the prejudice prong of the *Strickland* test.

The petitioner also argues that appellate counsel was operating under a conflict of interest because he is the son of Sheriff Lloyd Defer – who was subpoenaed to testify against the petitioner at trial. First, Sheriff Defer did not actually testify at trial. Second, even if Sheriff Defer had testified at trial, Donald Wilson has not shown how the relationship between Defer and appellate counsel would have resulted in prejudice to the petitioner. As such, the claims for relief in Ground Fifteen are without merit and shall be dismissed with prejudice.

In sum, all of the grounds for relief in the instant petition for a writ of *habeas corpus* are without merit.  The instant petition shall thus be dismissed with prejudice.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of July, 2007.

**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**